Application of William T. NEAL.
Patent Appeal No. 9082.

United States Court of Customs and Patent Appeals.

Aug. 9, 1973.

William T. Estabrook, Kemon, Palmer & Estabrook, Washington, D.C., attorneys of record, for appellant. Robert A. Spray, Indianapolis, Ind., of counsel.

S. Wm. Cochran, Washington, D.C., for the Commissioner of Patents. R. V. Lupo, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals sustaining the examiner's rejection of the sole claim in appellant's application.[1]

*The Invention*

The claimed invention is a device adapted to be secured to the clothing of the wearer and to support up to some plurality of emblems in spaced relationship thereon. The nature of the device will be apparent from the claim set forth below:

1. An emblem-displaying pin device adapted to be secured onto the clothing of the wearer, comprising a supporting body-member having clothing-securing means extending rearwardly of the device and within the span of the device, and effectively concealed thereby, for securing the pin device to the wearer's clothing, said body-member being provided with a plurality of openings respectively accommodating the passing therethrough of the mounting shank of an associated badge or emblem, the said openings being of a small size in comparison to the size of the said body-member so as to be substantially inconspicuous when one or more of said openings are not receiving a said badge or emblem shank, the body-member having a smooth front face extending smoothly from outwardly of each said opening laterally to the adjacent opening and vertically to and including the periphery of said body-member, permitting the accommodation of associated badges or emblems of different sizes and of sizes whose lateral width extends farther than one-half way between adjacent ones of

1. Serial No. 673,155, filed October 5, 1967.

said openings and whose vertical height extends beyond the periphery of said body-member and yet nevertheless lie flush along the front face of said body-member.

## The Rejection

The claim was rejected under 35 U.S. C. § 103 as unpatentable over a patent to Stupell [2] either taken alone or in view of a patent to Kelscha.[3]

Stupell relates to a pin in the form of a small bar of suitable material such as metal. The bar has a pin extending from its rear for securing it to the clothing of a wearer. It also has slot means which may be in the form of three horizontally spaced slots for receiving lugs on "ornamental or significatory elements," such as initials, up to three of which may be displayed on its front side.

Kleschka discloses a watch fob, the fob plate of which has an opening for receiving the attaching means of an "emblematic button" such as fraternal insignia.

The examiner considered the only difference between the claimed subject matter and Stupell to be set out in the portion of the claim reading "the said openings being of a small size in comparison to the size of the said body-member so as to be substantially inconspicuous when one or more of said openings are not receiving a said badge or emblem shank." He deemed that the slots in Stupell could be considered small in comparison to the size of the body-member and felt that any opening not receiving an emblem lug, as results when only two initials are used in a three slot bar, would be inconspicuous. The examiner alternatively held that it would have been obvious to merely use small openings in the bar of Stupell and attach each emblem by means of a small lug or connecting pin which was "old and well known in the art as taught by Kelschka."

In affirming, the board regarded the openings in Stupell as small in comparison to the size of the body-member and did not see patentable significance in the requirement that they be substantially inconspicuous. At any rate, it considered that requirement to be met or at least rendered obvious by the apparatus disclosed in Stupell. If further considered that attaching each emblem in Stupell with a small lug or connecting pin as taught by Kleschka would have been obvious.

## Opinion

We are of the opinion that the rejection must be sustained under 35 USC 103 for obviousness on Stupell in view of Kleschka. We agree with the board that it would have been apparent to a person of ordinary skill in the art to modify Stupell to make the openings in Stupell of a smaller size. Such a construction would clearly meet the claim limitations including particularly the "substantially inconspicuous" requirement.

Appellant points out that the references are "quite old" and considers that an indication that this combination would not have been obvious. Such a position is not impressive "absent some showing that the art tried and failed to solve some problem notwithstanding its presumed knowledge of the references." In re McGuire, 416 F.2d 1322, 1327, 57 CCPA 706, 712 (1969).

The decision is affirmed.

Affirmed.

2. U.S. Patent No. 2,178,055, issued October 31, 1939.

3. U.S. Patent No. 1,715,238, issued May 28, 1929.